WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Ernesto Madueno, | CIV 13-1382-PHX-SRB (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT COURT:

Petitioner Jorge Ernesto Madueno, who is confined in the Arizona State Prison Complex, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondents filed an Answer (Doc. 18), and despite having an opportunity to do so, Petitioner has not filed a traverse.

**BACKGROUND**[1]

On December 29, 2004, the Pinal County Grand Jury indicted Petitioner with one count of first degree murder.  (Exh. A.)  The offense was described in the presentence report as follows:

> On December 5, 2004, Deputy Langan responded to a call at the Queen Valley Golf Course concerning a deceased person.  Upon Deputy Langan's arrival he met with Ryan Devinny, who said that he had come across human remains while hunting in a desert location adjacent to Hewitt Station Road.  Mr.

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 18 – Respondents' Answer.

Devinny had located a deceased person and summoned detectives and an identification technician.

Further police investigation determined the identity of the deceased to be that of Daniel Rojo Tavira. On December 16, 2004, the PCSO was informed by the Grants Police Department in New Mexico, that they had identified a wanted vehicle, along with several subjects, in connection with their investigation. A cover warrant was issued by Pinal County.

On December 16, 2004, Detective Rankin interviewed Jose Cervando Ortega and Jorge Ernesto Rodriguez Madueno, at the Grants Police Station. Mr. Ortega told Detective Rankin that he had been at a house with Mr. Madueno and Mr. Tavira, and that there had been an argument over drugs and cash. Mr. Ortega said that Mr. Madueno struck Mr. Tavira in the face with a gun, and that Mr. Tavira was not moving. Mr. Ortega then told Detective Rankin that he assisted Mr. Madueno with cleaning up the blood from the floor and moving Mr. Tavira's body into the desert using Mr. Madueno's pickup truck. Mr. Ortega then told Detective Rankin that he returned to the house and assisted Mr. Madueno with cleaning up the blood from the floor and bathroom.

(Exh. B at 2.)

Additional facts as recounted in Petitioner's counsel's notice of completion of review reveal that after knocking the victim unconscious with the blow to his head with the pistol, the victim was dragged to the bathroom where he lay bleeding on the floor. (Exh. I at 2.) At some point, the victim regained consciousness and walked into the living room, where Petitioner "struck him once or twice in the back of the head with a baseball bat." (Id.) After these blows, Petitioner and Ortega rolled the victim up in a blanket and placed his body in a large mobile trash can before driving the trash can out into a desert area east of Apache Junction to dump the body. (Id.) To ensure the victim was dead, Petitioner "fired one round from a hand gun into the victim's head." (Id.)

On May 17, 2006, Petitioner pled guilty to an amended count of second degree murder pursuant to an agreement with the State, in which Petitioner would be sentenced to the mitigated term of 13 years' imprisonment. (Exhs. C, D.) Accordingly, on June 13, 2006, the trial court sentenced Petitioner to 13 years' imprisonment. (Exh. E.) In conjunction with the sentencing proceeding, Petitioner received and signed a "Notice of Rights After Conviction." (Exh. F.)

1       On September 13, 2006, Petitioner filed a notice of post-conviction relief, and on

2   September 14, 2006, the trial court appointed post-conviction counsel for Petitioner.  (Exhs.

3   G, H.)  On April 9, 2007, counsel filed a notice indicating that she had reviewed the record

4   and found no colorable claims to raise in a post-conviction proceeding.  (Exh. I.)

5       On April 11, 2007, the trial court granted Petitioner additional time within which to

6   file a *pro se* petition.  (Exh. J.)  On June 8, 2007, because Petitioner had not filed a

7   supplemental *pro se* Rule 32 petition, the trial court dismissed the post-conviction

8   proceeding.  (Exh. K.)

9       On March 19, 2012, Petitioner filed a "Re-Sentencing Memorandum," which the trial

10  court treated as a successive notice of post-conviction relief.  (Exhs. L, M.)  The trial court

11  summarily dismissed this successive petition, concluding:

> On March 5, 2012, the Petitioner, submitted a "Re-sentence Memorandum," which Judge Johnson directed be treated as a successive petition for post-conviction relief.  Judge Johnson directed the Petitioner to prepare and file a Notice of Post-Conviction Relief within thirty days.
>
> On April 2, 2012, the Petitioner filed a Notice of Post-Conviction Relief.  The notice included two claims: 1) newly discovered evidence, and 2) a change in the law which, if applied to the Petitioner's case would probably have changed the verdict or sentence.
>
> As to the claim of newly discovered evidence, the Petitioner claims that the testimony of one Steve Soto.  The evidence consists of testimony which was given on December 17, 2004.  The Petitioner claims that trial counsel either chose to ignore this evidence or perhaps did not see its relevance.  He claims that trial counsel's decision not to present this evidence is evidence of deficient performance.  This argument presupposes that the evidence was known to trial counsel prior to the change of plea and sentencing in this matter and is, therefore, not newly discovered evidence.
>
> The change in the law of which the Petitioner complains is a change in the statutory requirements as to self defense which the Petitioner claims would have changed the outcome of his case.  Changes in the statutory area are not normally retroactive and the Petitioner's case must be governed by the law in effect when the acts with which he was charged were committed.
>
> Rule 32.2(b) requires that successive petitions alleging either of these grounds must demonstrate meritorious grounds for relief.  The Petitioner has presented no meritorious grounds and the petition is subject to summary dismissal.

(Exh. M at 1-2.)

On August 8, 2012, Petitioner filed a Motion to Reconsider, specifically asking the trial court to address his "miscalculated sentence" issue. (Exh. N.)  On August 13, 2012, the trial court ruled, dismissing the sentencing issue as follows:

> The Court has reviewed the Motion to reconsider filed by the Petitioner herein, in which he argues that the Court did not specifically address the issue of the Department of Corrections calculation of his sentence expiration.
>
> The Petitioner is correct in stating that the Court did not specifically address this issue and he did not set it forth in his Petition for Post-Conviction Relief. Petitioner apparently believed that that claim was incorporated by its inclusion in what was subsequently designated as his Notice of Post-Conviction Relief.
>
> The Court has reviewed the initial "Re-sentencing Memorandum" and the file in this matter.  The sentence was properly imposed and the Department's calculations are correct.

(Exh. O at 1-2.)

On August 23, 2012, Petitioner filed a motion for rehearing. (Exh. P.)  On August 29, 2012, the trial court denied the motion for rehearing. (Doc. 1 at 39.)

Petitioner apparently filed a petition for review in the court of appeals, and on December 27, 2012, the court of appeals granted review but denied relief from the denial of Petitioner's successive post-conviction proceeding.  The court reasoned:

> In his petition for review, [Madueno] repeats his claim that his release date has been miscalculated and asserts the trial court erred in failing to appoint him counsel.[] He requests that this court review his filings below and instruct the trial court to order "specific performance" of the sentence provided for in his plea agreement. But Madueno's attempt to incorporate by reference his filings below is not permitted by our rules. *See* Ariz. R. Crim. P. 32.9(c)(1)(iv). And his failure to comply with our rules or to provide meaningful argument in his petition for review would itself justify our summary refusal to grant review. *See State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (insufficient argument waives claim on review); *State v. French*, 198 Ariz. 119, ¶ 9, 7 P.3d 128, 131 (App. 2000) (summarily rejecting claims not complying with rules governing form and content of petitions for review), *disapproved on other grounds by Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002).
>
> In any event, we agree with the trial court that ADOC has calculated correctly Madueno's release date based on the sentence imposed and the 167 days of presentence incarceration credit found by the court.  The essence of Madueno's claim instead appears to be that he was entitled to additional credit. That claim, however, is precluded because it could have been raised in his first Rule 32 proceeding but was not. *See* Ariz. R. Crim. P. 32.2(a)(3). Madueno has not identified, either below or in his petition for review, any exception to Rule 32.2(a) applicable to the claim.  Thus, the court did not err in summarily rejecting it.  Nor has Madueno cited any authority suggesting he was entitled

to have counsel appointed; we therefore do not address that argument.  *See Bolton*, 182 Ariz. at 298, 896 P.2d at 838.

(Exh. Q at 3-4.)  Petitioner did not seek review in the Arizona Supreme Court, and the court of appeals issued its mandate on May 3, 2013.  (Exh. R.)

On July 10, 2013, Petitioner filed the instant habeas petition raising only one ground for relief.  (Doc. 1.)  Petitioner alleges that the state violated his federal due process rights by breaching a term of the plea agreement.  (Id. at 6.)  On March 3, 2014, Respondents filed an Answer.  (Doc. 18.)  Petitioner has not filed a traverse despite having the opportunity to do so.

## DISCUSSION

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  See 28 U.S.C. § 2244(d)(1).  The statute provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A).  See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007).  Therefore, the judgment of conviction becomes final upon the

1  conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking

2  such review.  See id.

3      Additionally, "[t]he time during which a properly filed application for State post-

4  conviction or other collateral review with respect to the pertinent judgment or claim is

5  pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2); see Lott

6  v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly pending

7  after it is filed with a state court, but before that court grants or denies the petition."  Chavis

8  v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004).  A state petition that is not filed, however,

9  within the state's required time limit is not "properly filed" and, therefore, the petitioner is

10  not entitled to statutory tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  "When

11  a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

12  purposes of § 2244(d)(2)."  Id. at 414.

13      In Arizona, post-conviction review is pending once a notice of post-conviction relief

14  is filed even though the petition is not filed until later.  See Isley v. Arizona Department of

15  Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).  An application for post-conviction relief

16  is also pending during the intervals between a lower court decision and a review by a higher

17  court.  See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,

18  536 U.S. 214, 223 (2002)).  However, the time between a first and second application for

19  post-conviction relief is not tolled because no application is "pending" during that period.

20  See id.  Moreover, filing a new petition for post-conviction relief does not reinitiate a

21  limitations period that ended before the new petition was filed.  See Ferguson v. Palmateer,

22  321 F.3d 820, 823 (9th Cir. 2003).

23      The statute of limitations under the AEDPA is subject to equitable tolling in

24  appropriate cases.  See Holland v. Florida, 560 U.S. 631, ——, 130 S.Ct. 2549, 2560, 177

25  L.Ed.2d 130 (2010).  However, for equitable tolling to apply, a petitioner must show "'(1)

26  that he has been pursuing his rights diligently and (2) that some extraordinary circumstances

27  stood in his way'" and prevented him from filing a timely petition.  Id. at 2562 (quoting Pace,

28  544 U.S. at 418).

1    The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely.

2  Petitioner was sentenced under the plea agreement on June 13, 2006. (Exhs. C, D, E.) On

3  September 13, 2006, Petitioner filed a notice of post-conviction relief. (Exh. G.) After

4  appointed counsel filed a notice indicating that she had reviewed the record and found no

5  colorable claims, the trial court gave Petitioner until May 15, 2007 to file his *pro se* petition

6  for post-conviction relief. (Exhs. H, I, J.) On June 8, 2007, the trial court dismissed

7  Petitioner's post-conviction relief proceeding because Petitioner failed to file his *pro se*

8  petition. (Exh. K.) Petitioner did not file a petition for review from this summary dismissal

9  in the Arizona Court of Appeals or the Arizona Supreme Court. Thus, Petitioner's state court

10 conviction became final on July 9, 2007 – 31 days after the state court dismissed the PCR

11 proceeding, because the statute was tolled during the time he could have filed a petition for

12 review in the Arizona Court of Appeals.[2] See Ariz.R.Crim.P. 32.9(c) ("Within thirty days

13 after the final decision of the trial court on the petition for post-conviction relief or the

14 motion for rehearing, any party aggrieved may petition the appropriate appellate court for

15 review of the actions of the trial court."). The statute of limitations began to run on July 10,

16 2007 – one day after the 30-day period – and expired one year later – on July 10, 2008.

17 Petitioner did not file the instant habeas petition until July 10, 2013 – five years after

18 expiration of the one-year limitations period. Thus, absent any statutory or equitable tolling,

19 Petitioner habeas petition is untimely.

20    The Court finds that Petitioner's commencement of a second or successive PCR

21 proceeding on March 19, 2012, did not toll the limitations period. (Exhs. L, M.) As

22 previously stated, the limitations period expired on July 10, 2008. Over three-and-a-half

23 years after the one-year limitations period expired, Petitioner filed his successive notice of

24 post-conviction relief. Because the statute of limitations had already run by the time

25 Petitioner commenced his successive petition for post-conviction relief, statutory tolling will

26

27    [2] The end date fell on Sunday, July 8, 2007. Petitioner therefore had until Monday,
28 July 9, 2007, to file a petition for review.

not save his habeas petition.  Once the limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Moreover, the trial court summarily dismissed Petitioner's untimely successive petition finding that Petitioner failed to satisfy any exception for filing a successive Rule 32 petition.  The trial court stated, in pertinent part:

> Rule 32.2(b) requires that successive petitions alleging either of these grounds [newly discovered evidence or a change in law] must demonstrate meritorious grounds for relief.  The Petitioner has presented no meritorious grounds and the petition is subject to summary dismissal.

(Exh. M at 1-2.)  Thus, Petitioner's second or successive notice of post-conviction relief was not properly filed.

In sum, Petitioner filed the instant habeas petition on July 10, 2013 – five years after expiration of the one-year limitations period.  Petitioner's habeas petition is, therefore, untimely.

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.  See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).  Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time."  Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.  Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file

1  a timely petition.  See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.

2  2007).

3         Petitioner has not proffered any extraordinary circumstance that would justify

4  equitable tolling or demonstrated that an external impediment hindered the diligent pursuit

5  of his rights.  And, in any event, Petitioner's *pro se* status, indigence, limited legal resources,

6  ignorance of the law, or lack of representation during the applicable filing period do not

7  constitute extraordinary circumstances justifying equitable tolling.  See, e.g., Rasberry v.

8  Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal

9  sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

10  And, Petitioner's conclusory citation to Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309, 182

11  L.Ed.2d 272 (2012) is unpersuasive.  Martinez applies only to excusing procedural default

12  and/or lack of exhaustion in state court.  See id. at 1315.  In Martinez, the Court held:

13         Where, under state law, claims of ineffective assistance of trial counsel must
be raised in an initial-review collateral proceeding, a procedural default will

14  not bar a federal habeas court from hearing a substantial claim of ineffective
assistance at trial if, in the initial-review collateral proceeding, there was no

15  counsel or counsel in that proceeding was ineffective.

16  Id. at 1320.  Thus, Martinez has no application to the statute of limitations in the AEDPA

17  which governs Petitioner's filing in federal court.  See McKinnie v. Long, 2013 WL 1890618

18  (C.D. Cal. Apr. 5, 2013) ("*Martinez* dealt solely with the state procedural default doctrine,

19  which is entirely different from the issue presented here of whether petitioner's claims are

20  time barred under the AEDPA statute of limitations."); Moore v. Williams, 2013 WL 271454

21  at *5 (D. Nev. Jan. 23, 2013) ("Petitioner has conflated the federal timeliness question with

22  the issue of whether a claim in the federal petition is barred due to procedural default in state

23  court.").  Accordingly, Martinez does not present a basis for equitable tolling.

24         Therefore, Petitioner is not entitled to equitable tolling and his habeas petition is

25  untimely.

26

27

28

**CONCLUSION**

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 17th day of April, 2014.

Michelle H. Burns
United States Magistrate Judge